JARVIS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. EVIDENCE—HYPOTHETICAL QUESTION—COMPETENCY.
    In an action for personal injuries, a physician was asked, assuming that plaintiff was hit on the shoulder, to state whether the injury was the exciting cause of certain fatty tumors, to which he answered it was, assuming no other tumors had developed. Subsequently plaintiff testified that there were no other tumors. *Held*, that such testimony was competent under the question as it was put after plaintiff's testimony.

2. SAME—WAIVER OF OBJECTIONS.
    Failure of defendant to make a motion to strike out the physician's testimony, after plaintiff had testified, waived all objections to the same, though incompetent.

3. SAME—INSTRUCTIONS.
    In an action for personal injuries there was evidence that certain tumors were caused by the injury, and that it was necessary to permit a surgical operation, and a physician testified that there was a defective condition at the place where the tumors were removed, and that such condition would be permanent. *Held*, that a charge that there was no permanency of injury proved was properly refused.

4. DAMAGES—EXCESSIVENESS.
    A verdict for $1,900 was not so excessive as to warrant the conclusion that it was the result of passion or prejudice, so as to be erroneous.

Appeal from trial term, Kings county.

Action by Estelle L. Jarvis against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Charles F. Brown (Henry A. Robinson, on the brief), for appellant.
Alfred C. Cowan (W. C. Beecher, on the brief), for respondent.

WOODWARD, J. This action was brought to recover damages for a personal injury sustained by the plaintiff in an accident while a passenger in one of the cars of the defendant, the details of which are not material here, as no question is raised as to the negligence of the defendant, or the absence of contributory negligence on the part of the plaintiff. The points argued by counsel relate wholly to the damages, which were assessed by the jury at $1,900, upon which a judgment for $2,149.59 has been entered.

One Dr. Smith was called as an expert witness in behalf of the plaintiff, and, after testifying to the facts in reference to an examination of the plaintiff which he had made for the purpose of testifying, he was asked the following hypothetical question: "Assuming the case of a woman who was well and strong prior to January 11, 1900, and upon that day receives a blow upon the shoulder, side, and under the shoulder blade, by a shaft being driven through the panel of the back of the car where she was sitting, and striking her; and assuming that in April, May, and June there was a swelling developed upon the shoulder, and subsequently, in July, two lymphomas were found, one upon the apex of the shoulder, and the other under the shoulder blade,—could you state with reasonable certainty, upon the facts as I have assumed them, whether these two lymphomas were caused by the injury that I have referred to as the exciting cause? The first question is, can you state with reasonable certainty? That calls for an answer 'Yes' or 'No.'" The witness attempted to make an explanatory answer, and the court directed him to answer the question "Yes" or "No." Counsel then restated the question: "Assuming there has been no other injury, and assuming the facts as I have stated them, can you say with reasonable certainty as to whether the injury could be the exciting cause? That calls for an answer 'Yes' or 'No,' whether you can say so. It does not call for the full answer yet." Answer: "Yes, I could." Counsel then asked: "Upon the facts,—upon such an assumed state of facts as I have given in my question,—will you state whether or not such an injury was the exciting cause of these lymphomas?" Answer: "I would, assuming that this patient had had no other lymphomas, I would say 'Yes,'—no other developed anywheres, no other lymphomas or fatty tumors developed anywheres, I would say 'Yes.'" Counsel for defendant, without stating any reason, moved to strike out the answer, and the court responded: "I will permit it to remain, upon the assumption that plaintiff's counsel will show she had none." Defendant's counsel took an exception, and subsequently the plaintiff was recalled, and testified that she had never had any of these fatty tumors prior to the accident, or prior to the two which were removed in July, 1900. No further motion was made to strike out the testimony of Dr. Smith after the recall of the plaintiff, though, upon the cross-examination of the witness, defendant's counsel made a motion to "strike out the answer as to the reasonable certainty of the cause," which motion was denied, and an exception was taken by the defendant. It is now

urged that it was error to permit this testimony of Dr. Smith to stand, on the ground that it was speculative and remote. Whatever we might have thought of the objection, in the absence of testimony showing that the plaintiff had had no other fatty tumors, we are of opinion that the testimony was competent, under the question as it was put, after the defect had been supplied. And, even if it were not, the defendant, by apparently acquiescing in the ruling of the court by not renewing the motion after the question had been perfected by supplying the proof, must be deemed to have waived the point. The case of Laidlaw v. Sage, 158 N. Y. 73, 52 N. E. 679, 44 L. R. A. 216, does not conflict with this view. Dr. Smith, as an expert, might properly answer a hypothetical question based upon the evidence, and it was within the discretion of the court to permit a defect in evidence to be supplied in order to perfect the question and to support the answer. See In re Lasak's Will, 131 N. Y. 624, 628, 30 N. E. 112.

If we are right upon this point, it follows that the second suggestion of defendant, that the court erred in declining to charge the jury that there is no permanency of injury proved in this case, is not well founded. There was some evidence that the lymphomas were caused, or at least developed, by the accident, so that it was necessary to permit a surgical operation; and Dr. Wight testified that there was a defective condition of the shoulder at the point where the incision was made for the removal of the fatty tumors, and that he could say with reasonable certainty that "the condition I have described as to the shoulder will be permanent." Whether the evidence produced upon this point was sufficient to constitute proof of the permanency of the injuries was for the jury to determine, and the court properly refused to charge as requested.

Under the oft-reiterated rule recognized in this court that a verdict of a jury will not be disturbed merely because we might differ as to the amount if we were acting in the capacity of jurors, we are of opinion that the verdict for $1,900 was not so far excessive as to warrant the conclusion that it was the result of mistake, prejudice, passion, or any improper motives on the part of the jury, and the judgment should stand.

The judgment and order appealed from should be affirmed, with costs. All concur.